UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY MORRIS,

    Petitioner,

v.

STEVEN RIVARD,

    Respondent.

Case No. 15-13455
Honorable Laurie J. Michelson
Magistrate Judge R. Steven Whalen

**OPINION AND ORDER DENYING PETITION
FOR A WRIT OF HABEAS CORPUS [1]**

After pleading no contest to armed robbery and felony firearm, Gregory Morris was sentenced to 132 months to 40 years imprisonment with a consecutive two-year sentence imposed for the felony firearm. Morris filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He claims that he was coerced into taking the plea and that his trial counsel failed to challenge inaccurate sentencing information which caused his sentencing guidelines to be mis-scored.

The Court has reviewed the petition, the Warden's response, and the state-court record. For the reasons that follow, the Court will DENY habeas corpus relief.

**I.**

Morris pleaded no contest to armed robbery and felony firearm pursuant to a Cobbs agreement on April 10, 2013. (ECF No. 9-6, PageID.151–152.) The parties agreed that Morris would be sentenced at the bottom one-third of the sentencing guideline range and would serve the consecutive two-year sentence on the felony-firearm conviction. (ECF No. 9-6, PageID.149–150.) Morris informed the judge under oath that he had heard the discussion of the plea negotiations in

court prior to the taking of the plea and understood the plea agreement. Morris acknowledged that he was satisfied with the advice provided by counsel. (ECF No. 9-6, PageID.151.) The trial court advised Morris of the constitutional rights that he would be waiving by tendering a no contest plea. The parties stipulated on the record that there were no other "promises, threats or inducements other than those already disclosed on the record in order to induce the defendant to tender his plea[.]" (ECF No. 9-6, PageID.157–158.)

When Morris was given a chance to allocute, he told the judge that he wished to apologize for his actions and wanted to apologize to the victim, as well as to his own family for being a poor role model to his younger siblings. (ECF No. 9-7, PageID.168.) The judge sentenced Morris in conformity with the plea and sentencing agreement (132 months to 40 years). (ECF No. 9-7, PageID.168–170.)

Morris moved to withdraw his no contest plea or in the alternative to be resentenced. The trial court denied Morris's motion. *People v. Morris*, No. 12-243943-FC (Oakland County Circuit Court, November 21, 2013). Morris's conviction was affirmed on appeal. *People v. Morris*, No. 319491 (Mich. Ct. App. February 14, 2014); *lv. den*. 496 Mich. 866; 849 N.W.2d 375 (Mich. 2014).

Morris now seeks a writ of habeas corpus because he claims that his trial counsel coerced him into a no contest plea by telling him that if he pled, he would be given a three-year minimum sentence. He also claims that the trial court mis-scored his sentencing guidelines and that his trial counsel was ineffective by failing to challenge that mis-scoring.

**II.**

The Antiterrorism and Effective Death Penalty Act (AEDPA) (and 28 U.S.C. § 2254 in particular) "confirm[s] that state courts are the principal forum for asserting constitutional

challenges to state convictions." *Harrington v. Richter*, 562 U.S. 86, 103 (2011); *see also Cullen v. Pinholster*, 563 U.S. 170, 182 (2011). Thus, if a claim was "adjudicated on the merits in State court proceedings," this Court cannot grant habeas corpus relief on the basis of that claim "unless the adjudication of the claim . . . resulted in a decision" (1) "that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *See* 28 U.S.C. § 2254(d). But if the state courts did not adjudicate a claim "on the merits," this "'AEDPA deference' does not apply and [this Court] will review the claim *de novo*." *Bies v. Sheldon*, 775 F.3d 386, 395 (6th Cir. 2014).

### III.

### A.

Morris first argues that he is entitled to habeas relief because he was coerced into taking his plea deal based upon his trial counsel's representation that the trial court would impose a three-year minimum guideline sentence. He also argues that his trial counsel was constitutionally ineffective for representing to Morris that he would receive a three-year minimum sentence if he accepted the plea.

The Court will address the claim regarding the voluntariness of the plea first.

AEDPA applies to this claim if it was adjudicated on the merits by the state court. Morris did bring this claim in his motion to withdraw his plea filed with the circuit court. (ECF No. 11-2, PageID.235–242.) When that was denied (ECF No. 11-5, PageID.251–258), he filed for a delayed application for leave to appeal with the Michigan Court of Appeals. That application was denied "for lack of merits in the grounds presented." (ECF No.1, PageID.31.) He then filed for leave to appeal with the Michigan Supreme Court. That application was also denied as the court was "not

3

persuaded that the questions presented should be reviewed" by the court. (ECF No. 1, PageID.30.) Only the Michigan Court of Appeals', *see Werth v. Bell*, 692 F.3d 486, 491–94 (6th Cir. 2012), and the circuit court's decisions were "on the merits." *See Hynes v. Birkett*, 526 F. App'x 515, 519 (6th Cir. 2013) (finding that denial of leave to appeal "because [the court is] not persuaded that the questions presented should be reviewed by this Court" is not a decision on the merits). And because the Michigan Court of Appeals did not provide a reasoned decision, the Court will "look through" that decision to the reasoned decision of the trial court. *See Wilson v. Sellers*, 138 S. Ct. 1188, 1193–94 (2018).

The state trial court found that Morris' plea was knowing and voluntary because of his statements during the plea colloquy. (ECF No. 11-5, PageID.255–257.)

And Morris has not explained, nor can the Court find, that this conclusion was contrary to Supreme Court precedent.

Initially, the Court observes that Morris has no federal constitutional right to withdraw his no contest plea. *See Hynes v. Birkett*, 526 F. App'x 515, 521 (6th Cir. 2013). Unless a habeas petitioner's guilty or no contest plea otherwise violated a clearly-established constitutional right, whether to allow the withdrawal of his plea is discretionary with the state trial court. *See Shanks v. Wolfenbarger*, 387 F. Supp. 2d 740, 748 (E.D. Mich. 2005).

A guilty or no contest plea that is entered in state court must be voluntarily and intelligently made. *See Shanks*, 387 F. Supp. 2d at 749; *Doyle v. Scutt*, 347 F. Supp. 2d 474, 482 (E.D. Mich. 2004) (citing *Boykin v. Alabama*, 395 U.S. 238, 242 (1969)). In order for a plea of no contest to be voluntarily and intelligently made, the defendant must be aware of the "relevant circumstances and likely consequences" of his plea. *Hart v. Marion Correctional Institution*, 927 F.2d 256, 257 (6th Cir. 1991). The defendant must also be aware of the maximum sentence that can be imposed

4

for the crime for which he is pleading guilty. *King v. Dutton*, 17 F.3d 151, 154 (6th Cir. 1994). When a criminal defendant brings a federal habeas petition challenging his plea of guilty or no contest, the state generally satisfies its burden by producing a transcript of the state court proceedings showing that the plea was made voluntarily. *Garcia v. Johnson*, 991 F.2d 324, 326 (6th Cir. 1993). The factual findings of a state court that the guilty or no contest plea was properly made are generally accorded a presumption of correctness. Petitioner must overcome a heavy burden if the federal court is to overturn these findings by the state court. *Id*.

It is only when the consensual character of a guilty or no contest plea is called into question that the validity of a plea may be impaired. *Mabry v. Johnson*, 467 U.S. 504, 508-09 (1984). As explained by the Supreme Court, "a plea of guilty [or no contest] entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his own counsel, must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (e.g., bribes). *Id*. (quoting *Brady v. United States*, 397 U.S. 742 (1970)). To the extent that Morris claims that his trial counsel misled him into believing that he would receive a three-year minimum sentence if he pleaded no contest, the state court's proper plea colloquy cured any misunderstandings that he may have had about the consequences of the plea. *Ramos v. Rogers*, 170 F.3d 560, 565 (6th Cir. 1999). Prior to accepting Morris' plea, the trial judge advised Morris that the maximum sentence for armed robbery was life in prison or any term of years. (ECF. 9-6, PageID.152).

Morris was advised of the terms of the Cobbs agreement and acknowledged that these were the complete terms of the agreement. In response to the trial court's questions, Morris

acknowledged that by the court's acceptance of the plea, he would "be giving up any claim that the plea was a result of promises and threats that were not disclosed to the Court[.]" (ECF No. 9-6, PageID.154.)

The record clearly indicates that the trial court again made reference to any undisclosed promises as follows:

> THE COURT: Has anyone threatened you or placed you under pressure to make you plead no contest, or promised you anything not disclosed pursuant to the answers already given?
>
> MR. MORRIS: No, your Honor.

(ECF. 9-6, PageID.155.)

A clear reading of the Cobbs agreement shows that there was no promise to a three-year minimum sentence on the armed robbery charge. Morris has therefore failed to show that the original terms of the Cobbs agreement were breached when the judge failed to impose a three-year minimum sentence. *Myers v. Straub*, 159 F. Supp. 2d 621, 628 (E.D. Mich. 2001). Although Morris claims that he interpreted the sentence agreement to include a promise to a three-year minimum sentence, habeas relief should not be granted by crediting a petitioner's subjective version of his understanding of the plea bargain. *See Nichols v. Perini*, 818 F.2d 554, 558-559 (6th Cir. 1987); *see also Bair v. Phillips*, 106 F. Supp. 2d 934, 940-941 (E.D. Mich. 2000) (petitioner's claim that he subjectively misunderstood the plea agreement based upon misstatements made by the trial court concerning the plea agreement was an insufficient basis for setting aside the plea, when the prosecutor accurately stated the correct terms of the plea agreement at the hearing). Likewise, Morris's misunderstandings pertaining to the minimum sentence based on trial counsel's representations would not entitle him to habeas relief. At the time of the plea, the trial court

discussed the scoring of the guidelines with trial counsel and the prosecutor in Morris's presence. (ECF. 9-6, PageID.149-152.)

Indeed, the Supreme Court has found that, while the plea colloquy "is not invariably insurmountable," "[s]olemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Blackledge v. Allison*, 431 U.S. 63, 74–75 (1977). There can be cases where the voluntariness of a plea, despite the plea colloquy, can be challenged when the plea was the product of "misunderstanding, duress, or misrepresentation by others." *Id*. Faced with an unsigned affidavit, the trial court did not unreasonably conclude that Morris had not overcome the strong presumption of verity in his plea colloquy.

Morris also raised the related ineffective-assistance-of-counsel claim with the state courts. (ECF No. 11-2, PageID.235–242.) And, like above, the Court will again apply AEDPA deference to the trial court's opinion.

The trial court found that Morris was not entitled to an evidentiary hearing on his ineffective-assistance-of-counsel claim because he had not submitted an affidavit with his motion contesting the representations he made during the plea colloquy. Without sworn evidence to contradict his prior testimony, the Court denied his claim.

This determination did not involve an unreasonable application of Supreme Court precedent.

To establish ineffective assistance of counsel, Morris must show (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

7

Even had Morris' trial counsel represented to Morris that he would only receive a three-year minimum sentence, any prejudice was cured by Morris representing, under oath, that he understood that he was not promised anything in exchange for his plea. "When an ineffective-assistance claim is based on misleading information regarding the consequences of a plea, a proper plea colloquy is generally deemed to cure any misunderstanding the defendant may have had about the consequences of the plea." *United States v. Pola*, 703 F. App'x 414, 423 (6th Cir. 2017) (citing *Ewing v. United States*, 651 F. App'x 405 (6th Cir. 2016); *Ramos v. Rogers*, 170 F.3d 560 (6th Cir. 1999)).

Morris is not entitled to relief on his first claim.

**B.**

Morris also alleges that his sentencing guidelines were mis-scored and based upon inaccurate information, and that his trial counsel was ineffective by failing to challenge the scoring of the sentencing guidelines.

Again, the Court must first determine whether the state courts adjudicated these claims on the merits. Like his plea claim, Morris did raise these claims in the state courts. And, like in the prior section, the Court will again "look through" the Michigan Court of Appeal's decision to the trial court's decision. *See Wilson*, 138 S. Ct. at 1193–94.

The trial court found there was no error in guidelines scoring and relatedly found that Morris' trial counsel was not ineffective for failing to object to the sentencing scoring. (ECF No. 11-5, PageID.257.) Again, the Court agrees. Morris claims that OV 13 should have been scored at zero for one crime against a person as opposed to three. However, pursuant to M.C.L. 777.43 (1)(c), all crimes within a 5-year period, including the sentencing offenses, shall be counted regardless of whether the offense resulted in a conviction. In addition to the charge that was before

the trial court, Morris was previously charged with unarmed robbery, larceny from a person and assault with intent to inflict great bodily harm less than murder on October 17, 2011. All three offenses were crimes against a person. So the trial court was reasonable in finding no scoring error. And without a scoring error, the court was likewise reasonable in finding that Morris did not receive constitutionally-deficient representation because his counsel did not object to that scoring. *See, e.g., Coleman v. Curtin*, 425 F. App'x 483, 485 (6th Cir. 2011). Also, if "one is left with pure speculation on whether the outcome of . . . the penalty phase could have been any different," there has been an insufficient showing of prejudice. *Baze v. Parker*, 371 F.3d 310, 322 (6th Cir. 2004). Because Morris has offered no evidence to show that the state trial judge would have been inclined to impose a lesser sentence or that the Michigan appellate courts were inclined to reverse his sentence, Morris is unable to show that he was prejudiced by his counsel's purported ineffectiveness in failing to challenge the scoring of his sentencing guidelines. *See Spencer v. Booker*, 254 F. App'x 520, 525-26 (6th Cir. 2007).

Morris is not entitled to habeas relief or a resentencing on his second claim.

## IV.

For the foregoing reasons, Morris's petition for a writ of habeas corpus is DENIED.

Accordingly, Morris's request for an evidentiary hearing is denied as moot. Because the Court believes that no reasonable jurist would issue a writ of habeas corpus on Morris's claims, *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), the Court also DENIES Morris a certificate of appealability. But if Morris nonetheless chooses to appeal, he may proceed in forma pauperis. *See* 28 U.S.C. § 1915(a)(3).

IT IS SO ORDERED.

s/Laurie J. Michelson
LAURIE J. MICHELSON

UNITED STATES DISTRICT JUDGE

Date: March 5, 2019

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing document was served upon counsel of record and/or pro se parties on this date, March 5, 2019, using the Electronic Court Filing system and/or first-class U.S. mail.

                                                 s/William Barkholz
                                                 Case Manager